# IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY OHIO
## GENERAL TRIAL DIVISION

| | | |
|---|---|---|
| **MARYLYNN ELLIOTT** | : | Case No |
| **Individually And As** | : | |
| **Administrator** | : | |
| **Of The Estate Of Shaun** | : | |
| **Michael Elliot** | : | |
| c/o John Rutan, Esq. | : | |
| 336 S. High Street | : | JUDGE |
| Columbus, OH 43215 | : | |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT FOR MONEY** |
| vs. | : | **DAMAGES FOR MEDICAL** |
| | : | **NEGLIGENCE AND** |
| **FRANKLIN COUNTY, OHIO** | : | **WRONGFUL DEATH.** |
| **BOARD OF COUNTY COMMISSIONERS** | : | |
| c/o Franklin County Prosecutor | : | |
| 373 South High Street, Suite 14th floor | : | |
| Columbus, OH 43215 | : | |
| | : | |
| And | : | |
| | : | |
| **FRANKLIN COUNTY SHERIFF'S OFFICE** | : | |
| c/o Franklin County Prosecutor | : | |
| 373 South High Street, Suite 14th floor | : | |
| Columbus, OH 43215 | : | |
| | : | |
| And | : | |
| | : | |
| **Sheriff DALLAS BALDWIN** | : | |
| **Individually and in his Official Capacity** | : | |
| **As the Franklin County Sheriff** | : | |
| c/o Franklin County Prosecutor | : | |
| 373 South High Street, Suite 14th floor | : | |
| Columbus, OH 43215 And | : | |
| | : | |
| **DEPUTY JOHN DOE 1-5 and** | : | |
| **DEPUTY JANE DOE 1-5** | : | |
| 369 South High Street | : | |
| Columbus, OH 43215 | : | |
| any correction officer or officer or | : | |
| employee or agent of State of Ohio or | : | |
| Franklin County Jail Institute or | : | |

other entities that were deliberately    :
indifferent to Shaun Elliot    :
Names and Addresses Unknown    :
    :
    :
And    :
    :
**NAPHCARE INC**    :
Attn: Administrator    :
Franklin County Correction Center    :
370 South Front Street    :
Columbus, OH 43215    :
    :
And    :
    :
**NAPHCARE INC**    :
Attn: National Service Information, Inc.    :
Statutory Agent    :
145 Baker Street,    :
Marion, OH 43302    :
    :
And    :
    :
**MICHAEL BOBB R.N,**    :
Health Service Admin: NaphCare, Inc    :
370 South Front Street    :
Columbus, OH 43215    :
    :
And    :
    :
**RACHEL ROBINSON, LPN,**    :
Health Service Admin: NaphCare, Inc    :
370 South Front Street    :
Columbus, OH 43215    :
    :
And    :
    :
**JENNIFER HINES LPN,**    :
Health Service Admin: NaphCare, Inc    :
370 South Front Street    :
Columbus, OH 43215    :
    :
And    :
    :
**PETER NKWIN LPN**    :
Health Service Admin: NaphCare, Inc    :
370 South Front Street    :
Columbus, OH 43215    :

And                                    :
                                       :
**CARIA STEFANCO LPN.**                :
Health Service Admin: NaphCare, Inc    :
370 South Front Street                 :
Columbus, OH 43215                     :
                                       :
And                                    :
                                       :
**MEDICAL PROVIDERS DOES 1-5.**        :

              Defendants.      :
_____/

## COMPLAINT

### I.  INTRODUCTION

1.  Shaun Elliott (Hereinafter "Shaun") is an individual who resided in Franklin County, Ohio prior to this tragic death. Shaun Elliott died while in the custody of the Franklin County Jail and the Franklin County Sheriff's Department—and while under the direct care and supervision of Naphcare and named Defendants.

2.  Plaintiff, Marylynn Elliott individually and as administrator of the Estate of Shaun Michael Elliot (Hereinafter "Plaintiff"), deceased, complains of the misconduct of Defendants named in the caption above.

3.  As more specifically set forth below, Shaun after his incarceration at the Franklin County Jail "Franklin Jail", and while a pretrial detainee, developed obviously serious medical needs to which Defendants responded in a manner that was objectively unreasonable, deliberately indifferent, intentional, malicious, grossly negligent, cruel and unusual punishment.

4. As a consequence of the Defendants conduct, Shaun, who was only 35 years old, experienced severe mental and physical pain and suffering and then died. It is the purpose of this action to recover the damages for Shaun's estate sustained as a result of Defendants' misconduct, and punitive damages to punish Defendants' conduct and forever deter its repetition.

5. This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and challenges Defendants failure to provide adequate safety, care and treatment to Shaun while incarcerated at the Franklin Jail. This is also an action for deliberate indifference pursuant to the 8th Amendment of the United States Constitution. Defendants failure to provide Shaun with the appropriate constitutional protections proximately caused the Plaintiff severe pain, suffering wrongful death and other damages.

6. This is an action for the Defendants failure to exercise reasonable care for Plaintiff safety i.e. medical needs.

## II. JURISDICTION AND VENUE

7. At all times mentioned herein, Defendants were employed in Franklin County, and were acting in their capacity for the City of Columbus, County of Franklin County Ohio under the color of state law.

8. Defendants do not have immunity under O.R.C. 2744.03 because their acts were with malicious purpose, in bad faith or in a wanton or reckless manner.

9. This action brought pursuant to the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988 as well as the Eight Amendment and Fourteenth Amendment of the United States Constitution and pendent claims arising under the laws of the State of Ohio.

10. Costs and attorneys fees are sought pursuant to 42 U.S.C. 1988.

11. This is also an action for personal injury and wrongful death, it is, in part brought pursuant to Ohio Revised Code 2305.12 and 2125.01 et seq. for the benefit of the Estate and for those persons identified in Ohio Revised Code Sections 2125.02 and 2125.03 and/or the Next of Kin of Shaun.

12. Pursuant to Rule 3(C)(1)(2) and (6) of the Ohio Rules of Civil Procedure, venue is proper in Franklin County, Ohio as one or more of the Defendants reside in Franklin County, and Franklin County is the county in which all of the claim for relief arose.

13. Jurisdiction is conferred on this Court by O.R.C. 2305.01.

## III.PARTIES

14. By entry dated On November 17, 2020, Plaintiff Marylynn Elliott was appointed Administrator for the Estate of Shaun Elliott in Franklin in County Probate Court Case No. 606952 and brings these claims for the benefit of the next of kin and the decedent. **Exhibit "1".**

15. Plaintiff is now, and was at all times relevant hereto, citizens of the State of Ohio, residents of Franklin County.

16. At all times mentioned herein, decedent Shaun Elliott ("SHAUN") was an inmate at the Franklin County Correction Center ("Franklin Jail") located at 2460 Jackson Pike awaiting trial and under the control and jurisdiction of the Franklin County Sheriff.

17. Plaintiff Shaun Elliot was only thirty-five (35) years of age when he died while in custody at Franklin Jail. He was married, father of three. He is survived by his mother, father, sister and three children.

18. Defendant Franklin County, Ohio (hereinafter "FRANKLIN COUNTY") is a political subdivision created and authorized under the laws of the State of Ohio responsible for Defendant Franklin County Sheriff's Office and Defendant Franklin County Corrections Center. At all time relevant hereto, Defendant Franklin County established the regulations, customs, policies and practices followed by the Defendant Franklin County Sheriff's Office and Defendant Franklin County Corrections Center and was responsible for the organization, maintenance, operation, staffing and supervision of the jail.

19. Defendant Franklin County Sheriff's Department, (hereinafter "FRANKLIN SHERIFF") at all times relevant to the allegations of this complaint, was a municipal entity charged with the housing and care of prisoners within Franklin County, Ohio and charged with the responsibility of attending to prisoners medical needs while incarcerated with the Franklin County Sheriff's Department. Additionally, Franklin Sheriff is an agency of the State of Ohio responsible for the administration of Franklin County Jails which include Franklin County Correction Center 1 and 11, located at 370 S. Front Street, Columbus, Ohio 43215 and 2460 Jackson Pike, Columbus, Ohio 43223.

20. Defendant, Sheriff Dallas Baldwin (hereinafter "SHERIFF") was duly employed as the Franklin County Sheriff and acting under the color of law at all times pertinent.

21. Defendants Deputy John Doe #1-5, and Deputy Jane Doe #1-5, names and addresses unknown, were correction officers, guards, officers, employees of Defendants, or other entities that provided deliberately indifferent care/protection, individually or by and through their employees and/or agents, actual or ostensible, to Shaun Elliot.

Plaintiff has been unable to identify the names and/or identities of Defendants John Doe 1-5, Jane Doe #1-5 through the exercise of reasonable diligence. Plaintiff reserves the right to substitute a named defendant for such John Doe and Jane Doe(s) upon discovery of the name and/or identity of any such individual(s).

22. Defendant Naphcare Inc.("NAPHCARE") is an Alabama Corporation providing medical care to incarcerated inmates of the State of Ohio, at Franklin County Correction Center 1 and Franklin County Correctional Center 11 and Defendants place of business located at 2090 Columbiana Rd, Ste 4000, in Birmingham, Alabama. Naphcare is a foreign corporation licensed to do business in the State of Ohio. Naphcare acted under a contract agreement to provide pharmaceutical and other health related services by and through its agents and employees to all person taken into custody.

23. At all times relevant hereto, Defendant Michael Bobb , R.N. (hereinafter "NURSE BOBB") was a registered nurse, licensed by the State of Ohio, and was an agent and/or employee of Defendant NaphCare and/or Franklin County and was acting within the course and scope of his employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Franklin County Correction Center, including Shaun.

24. At all times relevant hereto, Defendant Rachel Robinson, At all times relevant hereto, Defendant Rachel Robinson , R.N. (hereinafter "NURSE ROBINSON") was a registered nurse, licensed by the State of Ohio, and was an agent and/or employee of Defendant NaphCare and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when

providing medical care and treatment to detainees and inmates confined at Franklin County Correction Center, including Shaun.

25. At all times relevant hereto, Defendant Jennifer Hinesm , R.N. (hereinafter "NURSE HINESM") was a registered nurse, licensed by the State of Ohio, and was an agent and/or employee of Defendant NaphCare and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Franklin County Correction Center, including Shaun.

26. At all times relevant hereto, Defendant Peter Nkwin, R.N. (hereinafter "NURSE NKWIN") was a registered nurse, licensed by the State of Ohio, and was an agent and/or employee of Defendant NaphCare and/or Franklin County and was acting within the course and scope of his employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Franklin County Correction Center, including Shaun.

27. At all times relevant hereto, Defendant Caria Stefanco, R.N. (hereinafter "NURSE STEFANCO") was a registered nurse, licensed by the State of Ohio, and was an agent and/or employee of Defendant NaphCare and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Franklin County Correction Center, including Shaun.

28. At all times relevant herein, Medical Providers Does 1-5 were residents of the State of Ohio and held themselves out to be employees, nurses, agents, or other personnel of Defendants NaphCare. The true names and capacities of Medical Providers Does 1-5 are unknown to Plaintiff at this time, and Plaintiff has accordingly sued these

unknown Defendants under said fictious names. When the true names of said Does have been ascertained, Plaintiff will seek leave to amend their Complaint accordingly.

29. At the time relevant herein, Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare, acted through their agents and employees including, but not limited to, Defendants, Nurse Bobb, Nurse Robinson, Nurse Hinesm, Nurse Nkwin, Nurse Stefanco, John Doe Deputy 1-5, Jane Doe Deputy 1-5 and Medical Providers Does 1-5 who were within the course and scope of their express, implied, or apparent authority as agents of these corporate Defendants.

30. At all times relevant herein, the acts and omissions performed by employees, servants or agents of Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare were doing so within the course and scope of their employment and/or authority and under the color of state law.

31. Plaintiff brings this action against, Defendants, Nurse Bobb, Nurse Robinson, Nurse Hinesm, Nurse Nkwin, Nurse Stefanco, John Doe Deputy, Jane Doe Deputy and Medical Providers Does in both their individual and official capacities, and against Franklin County, Ohio it its official capacity, jointly and severally.

32. Each and ever act of Defendants was by and under the color of the statues, ordinance, regulations, law and customs of Franklin County, Ohio and by virtue and under the authority of Defendant's employment with Franklin County, Ohio.

33. Unless stated otherwise, the term, phrase or reference to "Defendants", shall refer to all the above named defendants collectively.

## IV. SERVICE OF PROCESS

34. Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A), (F) and (L).

## V. FACTS

35. On February 9, 2020, the decedent Shaun Elliot ("Shaun") was arrested and transported to Jackson Pike jail located at 2460 Jackson Pike, Columbus, Ohio 43223, county of Franklin around 6:45p.m.

36. By taking Shaun into custody, the Defendants assumed the duty of care of Shaun.

37. During Shaun's intake at the jail, it was noted he used Fentanyl about .5grams twice a day with daily injections. That he was suffering from fevers, chills, vomiting, hot/cold sweats and body aches.

38. From February 9, 2020 until the time of his death, Shaun went to seek medical treatment at the jail at least 6 times. Almost daily, with sometimes twice a day.

39. As a result of these prior dealings with Shaun, each of the defendants were aware that there was a significant risk that Shaun needed medical attention.

40. Although Shaun was receiving medical treatment, he was returned to the general population instead of staying in the infirmary or being referred to a doctor.

41. The Defendants completely failed to monitor Shaun to ensure his safety even though they had seen him several occasions in a short period of time.

42. Despite Shaun's cry for medical help, he was shun off from the staff and returned back to the general population instead of being left in the medical wing of the jail.

43. Sometime around 9:37 p.m. a deputy "John Doe Deputy 1-5" found Shaun unresponsive and called in a code blue without further rendering CPR.

44. At or around 9:55 PM, 911 was finally called, however CPR was not initiated by Nurse Bobb, Nurse Robinson, Nurse Hines, Nurse Nkwin or Nurse Stefanco and or another unknown Does.

45. At 10 PM, 23 minutes after the code blue was called, CPR was finally started.

46. At 10:04 the ambulance arrived and took over CPR.

47. Shaun was then transported to Grant Medical Center at 111 South Grant Ave, Columbus, OH 43215.

48. Shaun was pronounced dead at Grant Medical Center at around 0314 hours.

49. The Jail employees did not give Shaun timely follow up care.

50. The Deputies did not give Shaun timely follow up care when he became nonresponsive.

51. The coroner's reports the death immediate cause was from multiorgan failure following cardiac arrest.

52. Upon information and belief, had Shaun received the proper medical care, protection or attention he would not have died but for the Defendants conduct and lack thereof.

53. Upon information and belief, had Shaun received the proper CPR within a timely fashion he would not have died.

54. The Defendants owed the Plaintiff a duty of care since he was an inmate.

## IV. CAUSES OF ACTIONS

### COUNT ONE-8th and 14th Amendment)-Against All Defendants

55. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 54 as if fully restated herein.

56. The law is clearly established that prison officials and medical staff within jails and prisons are forbidden from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference towards his serious medical needs.

57. The Eight Amendment to the United States Constitution requires that inmates at Franklin County Jail be provided with medical attention sufficient to have prevent death as sustained in this case.

58. Shaun had a right to be free from cruel and unusual punishment and other violations of his liberty interests under the Eighth and Fourteenth Amendment to the United States Constitution.

59. The Defendants have, under color of state law, deprived Shaun of rights, privileges and immunities secured by the Fourteenth and Eighth Amendments to the U.S. Constitution, including but not limited to the right to adequate medical care as a prisoner/inmate with a right to be free of cruel and unusual punishment.

60. At all relevant times hereto, the decedent Shaun was incarcerated at Jackson Pike Jail.

61. As an inmate at Jackson Pike Jail, Shaun was in the care, custody, and control of Defendants.

62. On or about February 9, 2020, Shaun was complaining he was suffering from fevers, chills, vomiting, hot/cold sweats and body aches.

63. Over the next 6 days, Shaun would seek medical care at least 6 more times due to pain and suffering.

64. Upon information and belief, none of the listed Defendants providing treatment to Shaun requested a doctor to see or exam or treat Shaun, or requested Shaun be transported to an emergency room, or provide any other treatment other than fluids.

65. On February 15, 2021 while in the general population pod, Shaun became unresponsive and CPR was unreasonably delayed.

66. On February 16, 2020, Shaun died and an autopsy was performed setting forth the cause of death was a "multiorgan failure following cardiac arrest".

67. Defendants were each deliberately indifferent to Shaun's serious medical needs. Each knew that Shaun was suffering from a serious condition. Each knew that persons complaining of pain, vomiting, not eating or drinking, and other abnormal symptoms has a serious medical need. Each failed to provide the needed medical care to Shaun.

68. Defendants were each deliberately indifferent to Shaun's serious safety needs by allowing him to return back to the general population after several visits to the medical department in a period of 5 days.

69. Defendants were each deliberately indifferent to Shaun's serious safety needs by failing to timely administer CPR. **Exhibit "2"**.

70. Defendants were so deliberately indifferent to Shaun's medical needs that they ignored a medical condition of such severity that it resulted in his death.

71. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare failed to adequately train and supervise the corrections officers/deputies and medical staff in the intake, assessment, and treatment of inmates including Shaun.

72. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare failed to adequately provide policies for train and supervise when dealing with the drug addiction withdrawal.

73. The rules, regulations, customs, policies, procedures, and usages of regarding the diagnosis, treatment, and management of persons were inadequate and unreasonable and were the moving force behind the constitutional deprivations suffered by Shaun and the Plaintiffs.

74. At all relevant times hereto, Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare, including their agents and/or employees, evaluation, treatment and care of Shaun by Defendants' agents or employees fell below accepted standards of care, skill and diligence and/or deviated from the ordinary skill, care, and diligence of medical and/or health care providers in Columbus, Ohio, and similar communities. **See Exhibit "2"-Affidavit of Meruit.**

75. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare are responsible for the actions of its employees and agents when acting in the course and scope of their employment and in furtherance of its interests. The negligence of said employees or agents in the evaluation and treatment of Shaun as described above, occurred during the course of their duties as an employee or agent of Defendants. Therefore, Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare are vicariously liable for the negligence of all nurses, doctors, deputies and/or any other health care providers.

76. As a direct and proximate result of the negligence of Defendants herein, Plaintiff suffered mental and physical anguish, emotional distress, wrongful death and other expenses and lost income.

77. The Defendants knowing of Shaun' condition violated his constitutional rights by engaging in conduct that was deliberately indifference, grossly negligent, reckless and willful and wanton conduct to Shaun's basic medical, health, and safety needs.

78. All Defendant's reckless, callous, or deliberate indifference directly, proximately, cumulatively and jointly caused Shaun's death.

79. The acts and omissions by each Defendant, in their individual and official capacities, were performed under color of law and subjected Shaun to cruel and unusual punishment in violation of Eighth Amendment to the United States Constitution, as well as 42 U.S.C. 1938 and 42 U.S.C, 1988.

80. The conduct of each Defendant was pursuant to and in execution and implementation of officially sanctioned policies, ordinances, regulations, and/or customs of Defendant Franklin County, Franklin Sheriff, Sheriff, NaphCare and each of the individually named Defendants.

81. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare, failed to properly train and supervise employees and or agents of Franklin County working at Franklin County Jail and failed to develop and implement policies and procedures which would have afforded Shaun his right to receive the necessary and adequate medical care required under the Eighth Amendment to the United States Constitution.

82. Defendants exhibited deliberate indifference to Shaun's serious medical needs in violation of the Eighth Amendment to the United States Constitution by: (1) failing to train medical personnel at Franklin Jail to identify medical emergencies where the omitted training was in willful and wanton disregard for Shaun's serious medical needs and grossly negligent and reckless; (2) failing to determine Shaun's immediate need for medical treatment and mental health care and failing to recognize the dangers attendant to withdrawal, and failing to obtain necessary medical treatment and mental health care; (3) knowingly and recklessly hiring and training medical personnel at Franklin Jail who were not able to determine medical and mental health emergencies and which rendered them unfit to perform the necessary duties of their

positions; and (4) intentionally, willfully, wantonly, recklessly, and maliciously denying medical care to Shaun's serious safety needs by delaying CPR by 23 minutes after the code blue was called.

83. Defendants' actions were taken with a malicious purpose and/or in a wanton and reckless manner.

84. As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Shaun suffered a painful and horrific death from the Defendants violation of Shaun's constitutional rights.

85. The injury which is the subject matter of this action relative to the above named Defendants, was discovered on or February 2021 and therefore the filing of this Complaint is within the applicable Statute of Limitations.

86. Plaintiff has been forced to retain counsel to vindicate Shaun's rights. Pursuant to provisions of 42 U.S.C. 1988, Plaintiff is entitled to award of reasonable attorney's fees and costs.

87. The Defendants are not entitled to immunity because under O.R.C. 2744.03 grants of immunity can be nullified if the Plaintiff alleges wanton and reckless action for which the Plaintiff is asserting.

### COUNT TWO-Wrongful Death-Against All Defendants

88. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 87 as if fully restated herein.

89. Plaintiffs, state that at the time of Shaun's death, he was survived by his minor children, wife, father, mother and siblings.

90. Defendants, individually and by and through their agents and employees, fell below the accepted standard of care, skill and diligence for health care providers, and medical provider employees in Ohio or other similar communities in their care and treatment of Shaun. Specifically, said Defendants, individually and by and through their doctors, nurses, aides, technicians, administrators, deputies, staff and employees failed to meet the accepted standard of care, skill, and diligence owed to Shaun by. (1) failing to provide medical care, including the failure to provide all necessary medications; (2) failing to provide CPR timely, (3) failing to provide a safe environment by sending Shaun back into the general public instead of keeping him in the medical unit at the jail or sending him to the hospital.

91. As a direct and proximate result of the negligence of all named Defendants, individually and by and through agents and/or employees, and their failure to meet accepted standards of care, skill, and diligence, the decedent, Shaun died wrongfully on February 16, 2020 from "multiorgan failure following cardiac arrest".

92. As a direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the resulting death of the decedent, Shaun, his Estate incurred funeral expenses as well as other expenses.

93. As a further direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the premature wrongful death of Shaun, his suffered severe mental anguish and emotional distress. In addition, his survivors lost the support, services and prospective inheritance of Shaun. His survivors also lost the decedent's society,

including loss of companionship, care, enjoyment of life, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education. Shaun's survivors expect to suffer continued mental anguish, emotional distress, and loss of support, services, and society indefinitely into the future.

94. By virtue of the doctrine of *respondeat superior*, Defendants Franklin County, Ohio, Franklin County Sheriff's Office, Franklin County Corrections Center, and NaphCare, are and remain liable for the decedent's death.

95. By virtue of the doctrine of *agency by estoppel*, Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare are and remain liable for the decedent's death.

96. Plaintiffs state that as a direct and proximate result of Defendants' negligence, Shaun Michael Elliot's next of kin have are entitled to damages recoverable under O.R.C. 2125.02.

97. As a direct and proximate result of the negligent, reckless, and/or willful conduct of Defendants, as set forth above, Shaun suffered a wrongful death on February 16, 2020, resulting in damages recoverable under O.R.C. § 2125.02.

## COUNT THREE—Enforcement of Custom or Policy and Failure to Train, Supervise, or Discipline Franklin County, Franklin Sheriff, Sheriff and NaphCare

98. Plaintiffs incorporate by reference Paragraphs 1-97 as if fully rewritten herein.

99. At all times relevant herein, the individually named Defendants were employees and/or agents of Defendant Franklin County, Franklin Sheriff, Sheriff and NaphCare assigned to Franklin County Jail and were acting under color of state law in the course and scope of their employment with Defendant Franklin County.

100. At all times relevant herein, Shaun had a constitutional right to be free from cruel and unusual punishment while incarcerated at Franklin County Jail.

101. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare through the actions of Defendants, Nurse Bobb, Nurse Robinson, Nurse Hinesm, Nurse Nkwin, Nurse Stefanco, John Doe Deputy 1-5, Jane Doe Deputy 1-5 and Medical Providers Does 1-5 individually and in their official capacities, violated Shaun's constitutional rights through enforcement of a county custom or policy that resulted in a failure to train, supervise, or discipline employees and/or agents regarding the avoidance of constitutional violations and the appropriate techniques for identifying and treating serious medical conditions such as drug withdrawals.

102. At all times relevant herein, Defendants, Nurse Bobb, Nurse Robinson, Nurse Hinesm, Nurse Nkwin, Nurse Stefanco, John Doe Deputy 1-5, Jane Doe Deputy 1-5 and Medical Providers Does 1-5 were carrying out the official policy and custom of Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare with respect to identifying and treating serious medical conditions.

103. Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare failed to provide adequate training to its medical personnel and jailing staff at Franklin County Jail to identify and treat medical emergencies.

104. The failures by Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare amount to deliberate indifference to the rights of Plaintiff's decedent and were the moving force behind the Constitutional violations set forth in this Complaint.

105.    The failure to train, supervise or discipline medical personnel at Franklin County
Jail, by Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare was so
obvious, and the inadequacy was so likely to result in a violation of Constitutional
rights, that Defendants Franklin County, Franklin Sheriff, Sheriff, and NaphCare can
reasonably said to have been deliberately indifferent, by and through its/their
employees and/or agents, to the need for such training, supervision, or discipline.

106.    The failure to train, supervise or discipline medical personnel at Franklin County
Jail proximately cause the constitutional violations set forth in the Complaint. These
violations would not have occurred if Defendants Franklin County, Franklin Sheriff,
Sheriff, and NaphCare had provided adequate training, supervision, or discipline.

107.    As a direct and proximate result of the acts or omissions of Defendants Franklin
County, Franklin Sheriff, Sheriff, and NaphCare by and through its/their employees
and/or agents, Defendants, Nurse Bobb, Nurse Robinson, Nurse Hinesm, Nurse
Nkwin, Nurse Stefanco, John Doe Deputy 1-5, Jane Doe Deputy 1-5 and Medical
Providers Does 1-5, Plaintiff's decedent, Shuan suffered serious physical and mental
injuries and wrongful death.

### COUNT FOUR—COMMON LAW NEGLIGENCE-Against All Defendants

108.    Plaintiffs incorporate by reference Paragraphs 1-107 as if fully rewritten herein.

109.    Defendants had a duty to provide reasonable medical treatment to Shaun.

110.    Defendants, individually or by and through actual or ostensible employees or
agents, breached this duty by failing to exercise the degree of care of reasonably
skillful, prudent, and Sheriff's office would under the same or similar circumstances

by, among other things, by failing to monitor ill inmates and failing to train staff and employees to administer CPR.

111.     Defendants were negligent in their lack of supervision, delay of initial medical treatment and routinely denying appropriate medical care.

112.     Defendants, individually or by and through actual or ostensible employees or agents, were professionally negligent and fell below accepted standards of safety and medical care. **Exhibit "2".**

113.     Defendants had a duty to reasonably apply or at least attempt to apply CPR.

114.     Defendants were negligent, grossly negligent and recklessly indifferent to the administering CPR.

115.     As a direct and proximate result of the conduct of Defendants, Shaun died resulting in a wrongful death claim.

### COUNT FIVE-MEDICAL MALPRACTICE-Against All Defendants

116.     Plaintiffs incorporate by reference Paragraphs 1-115 as if fully rewritten herein.

117.     The correction staff and medical providers had a professional responsibility and due to Shaun to maintain professionally accepted standards of conduct. **Exhibit "2".**

118.     The correction staff and medical providers breached that duty and responsibility by failing to properly and timely administer CPR.

119.     Defendants breached the standard of care by their delay of initial medical treatment.

120.     The Defendants breached the standard of care which is reasonable and ordinary for the health, care and well-being of Shaun.

121.    Defendants actions were the proximate cause of Plaintiffs injury and Shaun's

death.

## JURY DEMAND

122.    Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants,

jointly and severally as follows:

A.    For judgment in an amount in excess of $25,000 to be determined at trial;

B.    Award Plaintiffs compensatory damages in an amount to be shown at trial;

C.    Award Plaintiffs punitive damages in an amount to be shown at trial;

D.    Award Plaintiffs reasonable attorney's fees, costs, and disbursements;

E.    Grant pre-and post judgment interest;

F.    Damages recoverable under O.R.C. § 2125.02; and

G.    Any other relief this Court deems just and proper.


Respectfully submitted,


/s/ John P.M. Rutan
**JOHN P.M. RUTAN, ESQ. (0087019)**
Attorney for Plaintiff
336 South High Street
Columbus, OH 43215
(614) 307-4343 Phone
(614) 340-5848 Telecopier
Email: Rutanlaw@gmail.com

PC-E-4.5 (Rev. 10-2000)

# PROBATE COURT OF FRANKLIN COUNTY, OHIO
## ROBERT G. MONTGOMERY, JUDGE

ESTATE OF _____ SHAUN MICHAEL ELLIOT _____ , DECEASED

CASE NO. _____ 6 0 6 9 5 2 _____

# ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
### (For Executors and all Administrators)

Name and title of fiduciary MARYLYNN ELLIOTT, administrator

_____

On hearing in open court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that:

Decedent died [check one of the following] ☐ testate ☒ intestate on _____ February 16, 2020 _____

domiciled in Columbus, Franklin County, Ohio _____

[Check one of the following] -☐ Bond is dispensed with by the Will -☒ Bond is dispensed with by law

☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

Applicant is a suitable and competent person to execute the trust.

The Court therefore appoints applicant as such fiduciary, with the power conferred by law to administer fully decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

_____ NOV 17 2020 _____          _____ Robert G. Montgomery _____
           Date                                    Robert G. Montgomery, Judge

# CERTIFICATE OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

ROBERT G. MONTGOMERY
Judge and Ex-Officio Clerk

FILED #10
NOV 17 2020
Robert G. Montgomery, Judge
Franklin County Probate Court

By _____ , Deputy Clerk

Date _____ NOV 17 2020 _____

FORM 4.5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

EXHIBIT
1

## AFFIDAVIT OF MERIT IN SUPPORT OF SHAUN M. ELLIOTT

**I Michael Schiesser, of legal age, after being duly sworn to in accordance with law hereby depose and state the following:**

1. My name is Michael Schiesser. I am a Medical Doctor licensed in the state of Washington MD00034336.

2. I submit this Affidavit of Merit in accordance with Ohio Civ. R. 10(D)(2)(a).

3. I am board certified in internal medicine, from the American Board of Internal Medicine. I am proficient in the prescribing of buprenorphine, including dosing for addiction treatment, induction, and maintenance.

4. I have authored more than a dozen of Continuing Medical Education courses, delivered to more than a thousand physicians and mid-level providers, related to the appropriate management of addiction and pain, including issues related to complications such as respiratory depression.

5. I have played a central role in state programs to distribute Narcan, and change state laws to enable bystander administration. I have served as an auditor of Methadone treatment programs in the state of Washington to ensure programs adhere to federal regulations guiding good practice, to ensure the health and safety of participants.

6. My work exposing problems with state preferred drug programs related to methadone ultimately won a Pulitzer prize for a team of Seattle Times journalists. I have served as an expert for the WA state attorney general prescription drug task force, and served for 10 years on the Risk Management Committee for Physician's Insurance A Mutual Company.

7. I have reviewed all the medical records made reasonable available to me which included
   1. **Shaun M. Elliott 's autopsy report. 7pgs**
   2. **Toxicology Laboratory Report attached to autopsy. 4pgs**
   3. **Shaun M. Elliott's medical records from Grant Medical Hospital. 154 pages.**
   4. **Shaun M. Elliott's medical records from Franklin County Ohio correctional facility which was produced by Naph Care. 197pgs.**

8. I am familiar with the standard of care related to code blue in the circumstances presented in this case.

9. In my opinion, the standard of care was breached by the nursing staff and medical personal at the Franklin County Correctional Facility and that such breach was the proximate cause of Shaun M. Elliott's February 16, 2020.

EXHIBIT
2

10. In my opinion the nursing staff, and medical staff, at Franklin County Correctional facility breached the standard of care by failing to properly evaluate, diagnosis and treat Shaun M. Elliott.

11. I believe with a reasonable degree of medical certainty that the standard of care was breached by ignoring impending demise by not giving Shaun M. Elliott adequate cardiopulmonary assessment and support during emergency treatment as medically appropriate.

12. As a result of the breach in the standard of care, the patient suffered cardiac arrest, and death.

13. In my opinion, that standard of care was breached by the Franklin County Correction Facility medical staff, Naph Care staff and the correction officers and that this breach proximately caused the death to Shaun M. Elliott on February 16, 2020.

    a. According to the medical records, the code blue (cardiopulmonary arrest) was called at 9:37 pm apparently by 1-East Deputies for which the documents state the reason it was called was he was "unresponsive".

    b. The appropriate action for anyone "found down", is to call 911 and administer CPR.

    c. The patient arrived to the prison medical 8 minutes later in a wheelchair, unresponsive.

    d. The vitals on arrival objectively validate the patient was, in fact, still in active cardiopulmonary arrest at 9:45 PM

    e. The worldwide standard for responding to cardiopulmonary arrest, is to call 911 and administer CPR immediately. The staff managing this patient breached the standard of care by calling a code blue and not administering CPR.

    f. When CPR is not administered, critical organs suffer irreversible damage within seconds to minutes.

    g. At 9:55 PM 911 was finally called, however CPR was not initiated by Nurse Michael Bobb R.N, Rachel Robinson, IPN, Jennifer Hines IPN, Peter Nkwin IPN or Caria Stefanco Nurse Practitioner.

    h. At 10 PM, 23 minutes after the code blue was called, CPR was finally started.

    i. At 10:04 the ambulance arrived, and took over CPR.

    j. The patient eventually died, the coroner's report indicates the death was proximally caused by the cardiopulmonary arrest event.

    k. The standard of care was breached and such breach proximately caused Shaun M. Elliot's death. Such responsible persons include but are not limited to whoever the 1-EastDeputy was and the following medical staff personal Michael Bobb R.N, Rachel Robinson, IPN, Jennifer Hines IPN, Peter Nkwin IPN and Caria Stefanco Nurse Practitioner.

EXHIBIT

FURTHER AFFIANT SAYETH NAUGHT.



**Michael Schiesser, MD**

Sworn to and subscribed before me the undersigned authority, this _17_ day of _Nov_ 2021, by **Michael Schiesser, MD** who is personally known to me or produced _Drivers License_ as identification and stated that to his personal knowledge the matters stated herein in paragraphs 1 through 13 are true and correct.

(sign) _James Grennell_

(print) _James Grennell_

NOTARY PUBLIC,

My commission expires: _7-1-2024_

3 of 3
Affidavit of Merit for Shaun M. Elliot

**EXHIBIT**

2